**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

SELECTIVE INSURANCE COMPANY OF AMERICA as assignee and subrogee of ST. LOUIS INDUSTRIAL PROPERTIES, LLC,

*Plaintiff*,

v.

UNITED STATES OF AMERICA,

*Defendant*.

No. 4:26-cv-00841-JMD

**ORDER DENYING UNITED STATES'S MOTION TO DISMISS**

Federal district courts have jurisdiction over certain tort claims against the Federal Government, but not over claims exceeding $10,000 "founded . . . upon" contract. 28 U.S.C. § 1346(a)(2). The latter cases fall within the exclusive jurisdiction of the Court of Federal Claims. *Id.*; § 1491(a)(1). So what happens when tort law and contract law intersect, as when a contract references state tort law?

Here, Selective Insurance Company sued the United States to recover damages related to a structural fire allegedly caused by the negligence of a postal employee. Selective brought a tort claim, but the United States asserts that a contract is relevant. The building was leased by the U.S. Postal Service, and the contract allocates responsibility among the Federal Government and its landlord when negligence damages that building. The United States thus asserts that only the Court of Federal Claims has jurisdiction. But Selective Insurance's claim arises under tort law, so this Court has jurisdiction. The mere possibility that a district court might need to reference the terms of the contract in the future does not divest jurisdiction. The motion to dismiss is denied.

## Background

According to Selective Insurance, the U.S. Postal Service leased a building in Missouri that was insured by Selective Insurance. The company says a postal worker who was smoking negligently discarded part of a cigarette, causing major fire damage to the building. Selective paid the owner of the building nearly $2 million in damages "[a]s a direct and proximate result of [the postal worker's] negligence." ECF 1 ¶ 23. Then Selective sued the United States to recover that amount under the Federal Tort Claims Act.

The Government moved to dismiss for lack of subject-matter jurisdiction. It cites a clause in the lease agreement subjecting all claims "arising out of or relating to" the lease to the Contract Disputes Act of 1978. ECF 9 at 3–4 (quoting ECF 9-1 at 32). The lease contemplates the possibility of fire damage and makes the Postal Service liable for damage caused by its employees' negligence. *See* ECF 9-1 at 26. The Government argues that Selective's tort claim is really a contract claim over which the Court of Federal Claims has exclusive jurisdiction.

## Standard of Review

A party that moves to dismiss for lack of subject-matter jurisdiction can mount either a facial or a factual challenge to the Court's jurisdiction. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Here, the Government presses a factual challenge, so the Court "has authority to consider matters outside the pleadings." *Osborn v. United States*, 918 F.2d 724, 728 n.4 (8th Cir. 1990). This includes "affidavits or other documents." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). Selective, as the plaintiff, bears the burden of establishing jurisdiction. *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023).

## Analysis

The Government argues that Selective's claim is a "contract claim masquerading as a tort claim," and so this Court has no jurisdiction to hear this case. ECF 9 at 5. "Federal

district courts are divested of jurisdiction over claims 'founded upon any express or implied contract with the United States' that fall within" the Contract Disputes Act of 1978. *Goodin v. U.S. Postal Inspection Serv.*, 444 F.3d 998, 1000–01 (8th Cir. 2006) (quoting 28 U.S.C. § 1346(a)(2)). These contracts include property leases between private parties and the Postal Service. *See 1-10 Indus. Assocs., Inc. v. U.S. Postal Serv.*, 133 F. Supp. 2d 194, 195 (E.D.N.Y. 2001) (collecting cases); *Spodek v. United States*, 26 F. Supp. 2d 750, 755–56 (E.D. Pa. 1998). Selective never relies on the lease in its complaint. Instead, the Government has attached it as an exhibit to its motion to dismiss. ECF 9-1.

Although Selective styles its complaint as one asserting negligence, both sides agree that a plaintiff's label is not dispositive. *See Ingersoll-Rand Co. v. United States*, 780 F.2d 74, 77–78 (D.C. Cir. 1985). Rather, courts must assess whether a supposed tort claim in fact "clearly presents a disguised contract action." *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982). Determining whether a claim is "at its essence a contract action depends both on the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought (or appropriate)." *Id.* (cleaned up).

The Court has jurisdiction because Selective's claim sounds in tort, not contract. Selective "is not relying on the contract at all." *Id.* at 969. The United States suggests that the lease was a but-for cause of the fire; had the Postal Service not leased the building, no postal worker could have been smoking near the building. But a postal worker can engage in negligence not only at a post office, but also at any building along a route. A contract is not necessary for a tort claim against a postal service employee for negligence even if the contract may be part of the reason an employee was at a particular location on a particular day. In short, the lease is merely incidental to Selective's claim. "The fact that the [insurance] claimant and the United States were in a contractual relationship does not

convert an otherwise tortious claim into one in contract." *Aleutco Corp. v. United States*, 244 F.2d 674, 678 (3d Cir. 1957).

It makes no difference that the lease also discusses negligence liability. The relevant clause—which makes the Postal Service responsible for "that portion of the costs of repairs for damage directly caused by the negligence of the Postal Service"—merely recognizes existing tort rights. ECF 9 at 2 (quoting ECF 9-1 at 26); *cf. Allstate Ins. Co. v. Fritz*, 452 F.3d 316, 320–21 (4th Cir. 2006) (holding that when a lease made parties "responsible for all costs for repairs resulting from negligent actions or omissions of themselves or their guests," it "d[id] not abrogate negligence liability; rather, it explicitly reinforce[d] that liability" (cleaned up)). Put another way, the contract is layered on top of tort law. A court cannot assess the contract without first determining the question of negligence, a core question arising in tort. The common law of negligence, not the lease, is the ultimate source of rights for Selective's claim. Thus, Selective's claim is not "at its essence a contract action"; it certainly is not "*clearly* . . . a disguised contract action." *Megapulse*, 672 F.2d at 968 (emphasis added).

The Government might be right that a court eventually must assess the contract. But "[i]t is not at all unusual for a court to find it necessary in the course of deciding a dispute over which it does have jurisdiction to decide an issue which would be outside its jurisdiction if raised directly." *Id.* (citation omitted); *see also United States v. J & E Salvage Co.*, 55 F.3d 985, 989 (4th Cir. 1995) ("[T]he mere fact that a court has to decide some contract issues in the course of resolving a tort action does not automatically convert the claim into one sounding in contract if there is some independent basis for the tort claim."). For example, courts regularly construe the laws of another state because of a choice-of-law clause in a contract. Indeed, the Government's position here is that the Court of Federal Claims would have to construe Missouri tort law even though that court would have no jurisdiction over a case raising that issue directly. It is also not unusual for allegations to "equally support a

tort claim" and "a breach of contract claim." *Love v. United States*, 915 F.2d 1242, 1246 (9th Cir. 1989). In those cases, jurisdiction in either court is likely proper. *See id.*[1] The mere possibility that a court will have to construe the contract in no way converts this tort action into one arising from contract law.

**Conclusion**

**IT IS HEREBY ORDERED** that the Government's motion to dismiss, ECF 8, is DENIED.

Dated this 13th day of October, 2026

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

---

[1] The Government cites the part of the lease stating that the lease is "governed by the Contract Disputes Act of 1978" and that "all disputes arising under or relating to this [l]ease must be resolved under this clause." ECF 9 at 3–4 (quoting ECF 9-1 at 32). Some courts construing similar clauses have characterized them as forum-selection clauses for the Court of Federal Claims. *See, e.g.*, *Spodek v. United States*, 26 F. Supp. 2d at 756; *Four Star Aviation, Inc. v. U.S. Postal Serv.*, 120 F. Supp. 2d 523, 526–27 (D.V.I. 2000).

The Government does not make that argument. And in any event, it would be circular to conclude that the Court of Federal Claims has exclusive jurisdiction just because a lease selects the Contract Disputes Act as the governing law. As relevant here, the Contract Disputes Act subjects only contractual claims to the exclusive jurisdiction of the Court of Claims. The Act does not answer the question relevant here: whether the claim is in fact a contractual claim.